Dear Honorable Taliaferro,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Would a person whose service is limited to finding rental homes forindividuals be required to be licensed as a real estate broker?
Title 59 O.S. 858-301 (1974), provides in pertinent part:
 "It shall be unlawful for any person to act as a real estate broker or real estate sales associate, or to hold himself out as such, unless he shall have been licensed to do so under this code."
Title 69 O.S. 858-102(2) (1974) provides:
 "The term `real estate broker, shall include any person, partnership, association or corporation, foreign or domestic, who for a fee, commission or other valuable consideration, or who with the intention or expectation of receiving or collecting a fee, commission or other valuable consideration, lists, sells, or offers to buy, exchanges, rents or leases any real estate, or who negotiates or attempts to negotiate any such activity, or solicits listings of places for rent, or solicits for prospective tenants, or who advertises or holds himself out as engaged in such activities." (Emphasis added)
The statute is silent as to the source of the fee received by the person providing the service. All that is required is that a fee or other valuable consideration be received. The Court in State v. Mazurek, Okla. Cr., 546 P.2d 1329 (1976) held that defendant's conduct of soliciting listings of rental property and selling the list to prospective tenants clearly falls within the purview of 59 O.S. 858-102(2) (1974).
It is, therefore, the opinion of the Attorney General that a realestate broker's license is required by a person who solicits listings ofplaces for rent, solicits for prospective tenants or locates rental housesfor individuals in return for a fee, commission or other valuableconsideration.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
PATRICIA R. DEMPS, ASSISTANT ATTORNEY GENERAL